IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHARION R. COBBINS, | ) | |
| 5621 W.151st Terrace | ) | |
| Overland Park, KS 66223 | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM.KSDC LLC, | ) | |
| Serve Registered Agent | ) | |
| Corporation Service Company | ) | |
| 2900 SW Wanamaker Drive, Ste 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Sharion Cobbins states as follows for her causes of action against Defendant Amazon.com.KSDC LLC.

1. Plaintiff Sharion Cobbins is an African-American female resident of Overland Park, Johnson County, Kansas.

2. Defendant Amazon.com.KSDC LLC, is a corporation organized under the laws of the state of Delaware, registered to do business in the state of Kansas and transacting business with its principal place of business in Lenexa, Kansas. Defendant may be served through its registered agent listed above.

3. This case arises under the Americans with Disabilities Act as

Amended, 42 U.S.C. § 12101, *et seq*. (ADAAA), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*., (Title VII), making jurisdiction appropriate in this court. Defendant committed the unlawful actions described herein in Johnson County, Kansas, such that venue is proper in this court.

4. Plaintiff has a medical condition that qualifies as a Disability under the ADAAA.

5. Defendant treated plaintiff less favorably than non-disabled white employees, criticized her limitations, scheduled her to work less than non-disabled white employees, failed to accommodate her disability, and ultimately terminated her because of her disability and in retaliation for her complaints of disability discrimination.

6. At all times relevant to this action, Defendant has employed 15 or more employees and is therefore an employer as defined in the ADAAA and Title VII.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant within 180 days of the unlawful employment practices complained of herein and later filed an amended Charge.

8. Plaintiff a received a Notice of Right to Sue from the EEOC on her charge of discrimination and her amended charge of discrimination against

2

Defendant and this action is timely filed within 90 days from the receipt of that Notice. Plaintiff timely complied with all administrative prerequisites prior to filing this lawsuit.

9. Plaintiff was hired by Defendant on October 24, 2016. The last position she held was Splitter.

10. Plaintiff performed her job to the best of her ability and satisfactorily met the legitimate job expectations of defendant.

11. Plaintiff suffers from a medical condition called Reynaud's Syndrome. She was diagnosed with this condition in childhood. This medical condition resulted in amputation of her fingers and toes and other related symptoms and limitations.

12. Plaintiff's medical condition substantially limits her in one or more major life activities including standing, walking, lifting, grasping, and use of hands.

13. Additionally, plaintiff's medical condition substantially limits plaintiff in one or more bodily functions including her circulatory system.

14. Despite her medical condition, plaintiff was able to perform the job of splitter without the need for accommodation and could perform other jobs with accommodation to limit walking, grasping and lifting.

15. Plaintiff was a Qualified Individual with a Disability and her

3

defendant regarded her as such.

16. Shortly after she was hired, plaintiff began performing the job of splitter. She was able and was assigned to work 25 hours per week.

17. During her employment, supervisory and management employees repeatedly criticized her limitations due to her disability.

18. Ultimately, defendant cut plaintiff's hours to 10 hours per week.

19. During this time, non-disabled white employees continued to work full time as Splitters.

20. Plaintiff repeated complained to her manager and to human resources, about the criticism and harassment based on her disability, the disability discrimination and the failure to accommodate her disability.

21. Specifically, plaintiff complained to human resources in January 2017 about disability discrimination. At the same time, she completed paperwork requesting accommodation under the ADAAA.

22. Plaintiff's employment was terminated a month later, in February 2017.

23. The stated reasons for the termination, an alleged confrontation with a coworker, are pretextual – plaintiff did not engage in improper conduct and the non-disabled coworker who had not complained of discrimination was not terminated.

## COUNT I – ADAA DISCRIMINATION – CUTTING HOURS AND FAILURE TO ACCOMMODATE

24. Plaintiff incorporates by reference the preceding paragraphs of this petition.

25. As described above, plaintiff performed the job of Splitter well with or without accommodation.

26. Similarly situated non-disabled white employees were allowed to work as a Splitter full time.

27. Defendant cut plaintiff's hours because it claimed Splitter was not a full-time position.

28. Plaintiff was treated differently than non-disabled employees and plaintiff's disability was a determining factor in the discrimination.

29. Defendant failed to provide a reasonable accommodation to allow plaintiff to work as a Splitter full-time.

30. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

31. Defendant's conduct demonstrates a reckless indifference to the federally protected rights of plaintiff and others, entitling Plaintiff to an

additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Amazon for actual damages, punitive damages, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

### COUNT II – TITLE VII – CUTTING HOURS

32. Plaintiff incorporates by reference the preceding paragraphs of this petition.

33. As described above Similarly situated white employees were allowed to work as a Splitter full time.

34. Defendant cut plaintiff's hours because it claimed Splitter was not a full-time position.

35. Plaintiff was treated differently than white employees.

36. Plaintiff's race was determining factor in this discrimination.

37. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

38. Defendant's conduct demonstrates a reckless indifference to the

federally protected rights of plaintiff and others, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Amazon for actual damages, punitive damages, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

### **COUNT III – ADAA DISCRIMINATION – TERMINATION**

39. Plaintiff incorporates by reference the preceding paragraphs of this petition.

40. As described herein, plaintiff was treated differently than non-disabled employees, failed to accommodate her, and cut her hours because of her disability.

41. The stated reasons for the termination, an alleged confrontation with a coworker, are pretextual – plaintiff did not engage in improper conduct and the non-disabled coworker who had not complained of discrimination was not terminated.

42. Plaintiff's Disability was a determining factor in the Termination.

43. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the

form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

44. Defendant's conduct demonstrates a reckless indifference to the federally protected rights of plaintiff and others, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Amazon for actual damages, punitive damages, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## **COUNT IV – ADAA DISCRIMINATION – RETALIATION**

45. Plaintiff incorporates by reference the preceding paragraphs of this petition.

46. As described herein, complained that she plaintiff was treated differently than non-disabled employees, that defendant failed to accommodate her disability, and that she was being discriminated against.

47. Plaintiff was terminated one month after her complaint and after her formal request for accommodation under the ADAAA.

48. There is a causal connection between her complaint and request for accommodation and the subsequent termination.

49. The stated reasons for the termination, an alleged confrontation with a coworker, are pretextual – plaintiff did not engage in improper conduct and the non-disabled coworker who had not complained of discrimination was not terminated.

50. Plaintiff's complaint of disability discrimination and request for accommodation were determining factors in the Termination.

51. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

52. Defendant's conduct demonstrates a reckless indifference to the federally protected rights of plaintiff and others, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Amazon for actual damages, punitive damages, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial.

                                           **THORNBERRY BROWN, LLC**

By: /s/Stephen C. Thornberry
Stephen C. Thornberry    KS #17494
*steve@ThornberryBrown.com*
Randall W. Brown    KS #17905
*randy@ThornberryBrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF